## Commonwealth v. Loy et al.

*Clinton R. Weidner*, district attorney, for Commonwealth.

*Faller & Faller*, for defendants.

*Wm. H. McCrea*, for prosecutor.

GARBER, J., November 29, 1954.—The Borough of Newville has an ordinance making it unlawful to park a motor vehicle on the western side of High Street from Cove Alley to Big Spring Avenue, except "momentarily parking." High Street is a State highway, being Route 233. Each of the four defendants parked a motor vehicle in the prohibited area and left the same standing there for periods varying from four to eight hours, and was arrested and fined. Upon the separate petition of each defendant we allowed an appeal and fixed a time for hearing. When the cases came on for trial, they were consolidated and tried together by agreement.

The Commonwealth proved the foregoing facts, and also that the area was posted with signs reading "Parking for Public Business Only." Defendants demurred to the evidence, and we reserved our decision on the demurrer, directed the record to be transcribed, and

the matter placed upon the argument list. The case has been argued and is now before us for determination.

The highways of this Commonwealth have always been regarded as the property of the people of the entire State, rather than of a particular district, and therefore, subject to the absolute direction and control of the State: Irvine v. Borough of Mechanicsburg et al., 88 D. & C. 120. Accordingly The Vehicle Code, as last amended, June 30, 1951, P. L. 980, sec. 1, 75 PS §663, provides that local authorities shall have no power to enact or enforce any ordinance contrary to the provisions of the code, with certain exceptions, and among those exceptions is the right to regulate or prohibit parking. However, the code further provides (75 PS §682) that no local parking ordinance may be enforced against an alleged violator unless an official sign giving notice of the ordinance is conspicuously posted by the municipality. The code further provides that the Secretary of Highways of the Commonwealth shall make and publish regulations for the design of all official signs. No evidence was offered to prove that the signs posted and marked "Parking for Public Business Only" were official signs conforming with the regulations published by the Secretary of Highways. The area affected by the ordinance is a business district, and this being so, the appropriateness of the notice is not apparent, as it might be if the same signs were posted in front of the county courthouse, or some other public building.

The ordinance provides for momentary parking only, but there are no signs posted putting the public on notice of the existence of such an ordinance. The signs which were posted are not supported by any ordinance prohibiting parking, except for public business. Moreover, both the signs and the ordinance, neither of which supports the other, are vague, indefinite, and at least

270

difficult of interpretation. For the reasons given, we are of the opinion that the demurrer must be sustained. Accordingly, we make the following

## Order of Court

And now, November 29, 1954, at 9 a.m., the appeal of Paul E. Loy from the judgment of Howard J. Mesick, justice of the peace, finding Paul E. Loy guilty of the violation of an ordinance of the Borough of Newville of November 4, 1949, is sustained, and bail posted is remitted. Costs of this proceeding are placed upon the County of Cumberland.